be sufficient to show the possession of the whiskey so found in the appellant, it is necessary that the testimony exclude the outstanding hypothesis mentioned.

To say that the tracks upon which the State relies to show possession of the whiskey were those of the appellant, or were made by him, would be to indulge in a presumption not finding support in the testimony.

From what we have said, it follows that we are of the opinion that the evidence is insufficient to support the conviction. Such conclusion finds support in the recent cases of: Gonzales v. State, Tex.Cr.App., 156 S.W.2d 988; Crutchfield v. State, 137 Tex. Cr.R. 569, 132 S.W.2d 855; Allen v. State, 138 Tex.Cr.R. 303, 136 S.W.2d 232; Willhite v. State, 141 Tex.Cr.R. 555, 150 S.W. 2d 251; Rice v. State, 122 Tex.Cr.R. 64, 53 S.W.2d 629.

The judgment of the trial court is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Alex P. Pope, of Tyler, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in Smith County on a charge of driving while intoxicated and assessed a fine of $50.

The procedure appears to be regular. No statement of facts or bills of exception are presented and there is nothing for this court to review.

The judgment of the trial court is affirmed.

On Motion for Rehearing.

DAVIDSON, Judge.

Appellant's motion for rehearing is of a formal nature only. No specific challenge is made to our holding. Nothing new is presented or pointed out.

The motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

**WELLS v. STATE.**

No. 22107.

Court of Criminal Appeals of Texas.

May 6, 1942.

Rehearing Denied June 3, 1942.